IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 FEB -4 P 3: 10
CLERK _A Burton_

MELVIN JOE HENRY, )
         Plaintiff, )
)
v. ) CV 310-096
)
RALPH M. KEMP, Warden, et al., )
         Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Melvin Joe Henry, an inmate at Wheeler Correctional Facility in Alamo, Georgia, commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On December 3, 2010, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 6.) Plaintiff failed to respond.

On January 13, 2011, the Court granted Plaintiff fourteen (14) additional days to comply with the terms of the Court's December 3, 2010 Order. (See doc. no. 7.) Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. The time to respond has passed, and Plaintiff has not submitted all of the documents required by the Court's

December 3, 2010 Order, nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915).[1] Plaintiff has been warned repeatedly that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this 4th day of February, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] As noted by the Court in its December 3rd Order, in conjunction with Plaintiff's motion to proceed IFP, he submitted an account statement on a form used in the Middle District of Georgia, where he originally submitted his complaint. However, after his case was transferred to this District, the Court required him to return the Trust Fund Account Statement enclosed with his service copy of the December 3rd Order, as that form requested different information than the form submitted by Plaintiff with his IFP motion. Moreover, even if the account statement submitted by Plaintiff were adequate, his case would nevertheless be subject to dismissal because he has not submitted the Consent to Collection of Fees form, which is required to proceed IFP. See Wilson, 313 F.3d at 1319.